## Amasa G. Smith *vs.* Edward Eastman.

If the maker of a note agree with the holder, to pay him a certain proportion of the amount due, in full discharge of the note, and afterwards make and sign a note for the amount so promised, and offer it to the holder, in payment of the first note, and the holder refuse to receive it; this is not such an acknowledgment or promise in writing as will prevent the first note from being barred by the statute of limitations.

This was an action by the plaintiff, as the indorsee, against the defendant, as the maker, of a promissory note for $300, dated August 5th, 1837, and payable in sixty days. The writ was dated March 19th, 1847. The defence was the statute of limitations. The plaintiff relied on a new promise.

On the trial in the court of common pleas, at the July term, 1847, before *Cushing*, J., the plaintiff introduced evidence to prove, that about three years previously, it was agreed between the parties, that the defendant should pay a certain proportion of the amount due on the note in full discharge thereof, and the note was thereupon left with Samuel K. Bayley, to be delivered to the defendant, whenever he should pay the amount so agreed to be paid; that the defendant afterwards offered Bayley two promissory notes in common form, signed by himself and indorsed by some other person, (the amount of both and each of which was not known,) in payment of the original note; that Bayley refused to receive the same for any other purpose than that of submitting them to the plaintiff for his acceptance; that, having received the notes for that purpose only, and still retaining the original note, Bayley offered the notes to the plaintiff, in payment of the latter; that the plaintiff declined to receive them as such, saying that the agreement was for cash and not for notes; and that Bayley thereupon informed the defendant of the plaintiff's refusal to receive the notes and returned them to him, and the original note to the plaintiff.

The judge being of opinion, that the action could not be

maintained upon this evidence, the plaintiff became nonsuit, and alleged exceptions.

*E. N. Moore,* for the plaintiff, referred to *Whitney* v. *Bigelow,* 4 Pick. 110.

*G. Bancroft,* for the defendant, was not called on by the court.

BY THE COURT. *Prima facie,* and upon a mere comparison of dates, this action is barred by the statute of limitations. This could only be avoided by proving a promise in writing. Rev. Sts. *c.* 120, § 13. To prove such promise, the plaintiff offered evidence of two notes, indorsed by third persons, upon an agreement of the plaintiff, to take a part for the whole.

This was not an admission of a debt, but a compromise and promise to pay part for the whole. The notes, which the defendant made and presented to Bayley, were not a promise to pay this debt, but they were indorsed notes, offered as a compliance with the proposed compromise, not accepted by the plaintiff, but afterwards returned by the agent. There is no color for saying, that this was a promise in writing to pay the original debt sued for in this action.

*Exceptions overruled, with double costs.*